IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATRICK P. GIBSON, JR.,**   Case No. 2:13-cv-916

    **Plaintiff,**   Judge Graham

  v.

    Magistrate Judge King

**UNITED STATES OF AMERICA,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Sompo Japan Insurance Company of America's Motion for Partial Summary Judgment (doc. 19). For the reasons that follow, the Court will GRANT Defendant Sompo's Motion.

**I.**    **Background**

For purposes of Defendant Sompo's Motion, the facts underlying this case are not seriously in dispute.[1] On May 5, 2011, the Plaintiff, Patrick P. Gibson, Jr., was involved in a car accident with an employee of the United States Department of Agriculture (USDA), Nicole Shannon. Compl. at ¶ 7, doc. 1. At the time of the accident, the Plaintiff was a resident of Kentucky, id. at ¶ 6, and an employee of Olympus Corporation, which leased the vehicle driven by the Plaintiff, Def.'s Mot. for Partial Summ. J. at 2, doc. 19. The Plaintiff's vehicle was covered by an insurance policy issued by Defendant Sompo which included Kentucky Personal Injury Protection, Kentucky Uninsured Motorist coverage, and Kentucky Underinsured Motorist coverage. See generally doc. 12-1. For purposes of its motion, Defendant Sompo concedes that:

---

[1] Given the lack of disputed facts, the facts contained in this section are taken from the Plaintiff's Complaint, Defendant Sompo's Answer and Counter-Claim, and the parties' filings.

1

the Plaintiff's vehicle was a "covered auto" under the policy; the Plaintiff was in the scope of his employment while operating the vehicle; and the Plaintiff is considered "insured" under the policy. Def.'s Mot. for Partial Summ. J. at 2.

The Plaintiff suffered injuries as a result of the accident. Compl. at ¶ 8. Subsequently, the Plaintiff filed a workers' compensation claim for which he was compensated $13,702.31 for medical expenses and $2,310.36 for lost wages. Def.'s Mot. for Partial Summ. J. at 3; Def.'s Answer at ¶ 32, doc. 12.

After the accident, the Plaintiff filed an administrative claim with the USDA, which the USDA subsequently denied. Compl. at ¶ 4. On September 17, 2013, the Plaintiff filed his Complaint (doc. 1) against Defendant Sompo and the United States of America. The Plaintiff brought the Complaint under the Federal Tort Claims Act and sought to recover monetary damages under Ohio law. Count Four of that Complaint is a claim for damages under Defendant Sompo's policy, including the policy's Personal Injury Protection endorsement, Uninsured Motorist coverage, Underinsured Motorist coverage, or medical payments endorsement. Compl. at 7.

Defendant Sompo filed its Motion for Partial Summary Judgment as to Count Four of the Plaintiff's Complaint on June 19, 2014.

**II.     Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary material in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the

absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); see also Longaberger, 586 F.3d at 465. "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment." Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008) (quoting Anderson, 477 U.S. at 248). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in

3

support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009).

**III.    Discussion**

Defendant Sompo moves for summary judgment on Count Four of the Plaintiff's Complaint. As a threshold issue, Defendant Sompo argues that Kentucky, rather than Ohio, law applies in this case. Under Kentucky law and the terms of its insurance policy, Defendant Sompo contends that the Plaintiff is not entitled to recovery under the policy's Personal Injury Protection endorsement, Uninsured Motorist coverage, Underinsured Motorist coverage, or medical payments endorsement. The Court addresses each of these issues in turn.

A.    *Applicable Law*

Citing Ohio law and the Restatement (Second) Conflict of Laws § 188, Defendant Sompo asserts that Kentucky law applies with respect to Count Four of the Plaintiff's Complaint. Defendant Sompo notes that the Plaintiff resided in Kentucky; the subject vehicle was licensed and stored in Kentucky; the policy included specific endorsements to make it compliant with Kentucky law; and the principal location of risk was Kentucky. The Plaintiff's statement of the law mirrors that of Defendant Sompo, and he implicitly agrees with Defendant Sompo that Kentucky, rather than Ohio, law should apply to the coverage dispute at issue. See Pl.'s Resp. in Opp. at 5–16, doc. 22 (applying Kentucky law throughout his Response).

The Court agrees that Kentucky law applies with respect to Count Four of the Plaintiff's Complaint. The Restatement (Second) Conflict of Laws provides that, to determine the law

4

applicable to an issue in contract, courts consider: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) of Conflict of Laws § 188(2) (1971). As the Ohio Supreme Court has explained, in the context of insurance contracts, a focus on these factors

> will often correspond with the Restatement's view that the rights created by an insurance contract should be determined "by the local law of the state which the parties understood was to be *the principal location of the insured risk during the term of the policy*, unless with respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties."

Ohayon v. Safeco Ins. Co. of Illinois, 747 N.E.2d 206, 211 (Ohio 2001) (quoting Restatement (Second) of Conflict of Laws § 193).

Here, both Defendant Sompo and Olympus, the Plaintiff's employer and the lessee of the Plaintiff's vehicle, understood that the Plaintiff's vehicle would be garaged and principally used in Kentucky. Kentucky, therefore, was to be the principal location of the insured risk during the term of the policy. The tailoring of the policy to conform to Kentucky law confirms this fact. See generally doc. 12-1 (modifying the policy "for a covered auto licensed and principally garaged in . . . Kentucky" and providing Kentucky UM/UIM coverage, Kentucky PIP coverage, and other Kentucky "enhancements").  The Court will apply Kentucky law accordingly.

B.     *Personal Injury Protection*

Defendant Sompo argues that its Personal Injury Protection (PIP) endorsement included a set-off for any workmen's compensation benefits that the Plaintiff received under Kentucky law. Because the Plaintiff has offered no evidence that he incurred expenses beyond the amount of his

5

workers' compensation claim, Defendant Sompo maintains that the Plaintiff cannot recover under the PIP endorsement.

In response, the Plaintiff does not address Defendant Sompo's argument concerning the workers' compensation set-off. Instead, he summarily states that "[t]here is no evidence in the record that [he] was apprised of or aware of any duties which he had regarding the insurance coverage provided through his employer." Pl.'s Resp. in Opp. at 6.

Defendant Sompo's PIP endorsement provides:

> In calculating loss or expense for which personal injury protection benefits are payable under this coverage, a reduction shall be made in the amount of . . . [a]ll benefits or advantages a person receives or is entitled to receive from workmen's compensation, unless these benefits or advantages have not been received before personal injury protection benefits are overdue or the claim is paid.

Def. Sompo PIP at 3, doc. 12-1 at 41. Under Kentucky law, "workers' compensation benefits are deducted from a person's loss." Morrison v. Ky. Cent. Ins. Co., 731 S.W.2d 822, 824 (Ky. Ct. App. 1987). See also Ky. Rev. Stat. Ann. § 304.39-120 ("All benefits or advantages a person receives or is entitled to receive because of the injury from workers' compensation are subtracted in calculating net loss").

Here, the Plaintiff received $13,702.31 for medical expenses and $2,310.36 for lost wages through a separate workers' compensation policy issued by Defendant Sompo. Def.'s Answer at ¶¶ 14, 17, doc. 12. To the extent that the Plaintiff seeks to recover under the PIP endorsement, he has not identified any evidence that he incurred more than $13,702.31 in medical expenses and $2,310.36 in lost wages as a result of the accident. The right of set-off in the PIP endorsement prevents the Plaintiff from recovering the same amount that he has already recovered under the workers' compensation policy. Therefore, Defendant Sompo is entitled to summary judgment with respect to the Plaintiff's claim for damages under the PIP endorsement.

C. *Uninsured Motorist Coverage*

Defendant Sompo next asserts that the Plaintiff is not entitled to coverage under the Uninsured Motorist (UM) endorsement contained in the policy. First, Defendant Sompo argues, the USDA vehicle was self-insured, which Defendant Sompo specifically excluded from the definition of an uninsured vehicle under its UM endorsement. Second, Defendant Sompo asserts, the USDA vehicle was owned by a governmental agency, which Defendant Sompo specifically excluded from the definition of an uninsured vehicle under its UM endorsement. Third, Defendant Sompo contends that the Plaintiff failed to file his claim within the two year limitation period set forth in the UM endorsement and therefore cannot recover under the UM endorsement.

Although his response is difficult to follow, the Plaintiff emphasizes that courts in other jurisdictions have consistently held that the government-owned vehicle exclusion is void with respect to UM coverage. Pl.'s Resp. at 11–12 (collecting cases). However, the Plaintiff offers no response to Defendant Sompo's argument that the United States is a self-insurer or that the Plaintiff failed to file his claim within the two year limitation period set forth in the UM endorsement.

Defendant Sompo's UM endorsement defines, in relevant part, an "uninsured motor vehicle" as "[a] land motor vehicle or 'trailer' . . . for which no liability bond or policy at the time of an 'accident' provides at least the amount required by the applicable law where a covered 'auto' is principally garaged." Def. Sompo UM endorsement at 3, doc. 12-1 at 34. However, the endorsement provides, in relevant part, that an uninsured motor vehicle "does not include any vehicle [o]wned or operated by a self-insurer under any applicable motor vehicle law, except a

7

self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law" or any vehicle "owned by a governmental unity or agency." Id.

In Commercial Union Ins. Co v. Delaney, 550 S.W.2d 499 (Ky. 1977), the Kentucky Supreme Court considered whether the exclusion of government owned vehicles from UM coverage violated public policy. The court concluded that such an exclusion was permissible, reasoning that an individual seeking damages could "seek direct compensation from the governmental entity involved rather than from his uninsured motorist carrier." Id. at 500. With respect to UM coverage, the Plaintiff points to no authority from the State of Kentucky overruling Delaney, and the Court itself has not been able to locate any such authority. Consequently, in the context of UM coverage, Delaney remains good law. The Court applies it accordingly.

Here, Defendant Sompo's UM endorsement excludes any vehicle "owned by a governmental unity or agency" from the definition of an "uninsured motor vehicle." The Plaintiff was involved in an accident with a vehicle owned by the USDA, a governmental agency. Under the plain language of Defendant Sompo's UM coverage, the USDA vehicle was not an "uninsured motor vehicle." Consequently, the Plaintiff cannot recover damages under the UM endorsement contained in Defendant Sompo's policy. Therefore, Defendant Sompo is entitled to summary judgment on Count Four of the Complaint as to the issue of UM coverage.[2]

C.  *Underinsured Motorist Coverage*

---

[2] Because Defendant Sompo is entitled to summary judgment with respect to the Plaintiff's UM claim under the government-owned vehicle exception set forth in the UM endorsement, the Court does not reach the issue of the self-insured vehicle exception or the two year limitation period as alternative grounds for granting Defendant Sompo's motion.

Next, Defendant Sompo argues, no Underinsured Motorist (UIM) coverage is available to the Plaintiff in this case. Defendant Sompo contends that the Plaintiff failed to file suit within the two year limitation period provided by the UIM endorsement. Even if the Plaintiff had filed suit within the two year limitation period, Defendant Sompo emphasizes that Nicole Shannon, the driver of the USDA vehicle, was not an underinsured motorist and is therefore not covered by the UIM endorsement. Reviewing Kentucky's UIM statute and the policy's UIM endorsement, Defendant Sompo asserts that the United States did not have insurance on the USDA vehicle. Because there was no motor vehicle liability insurance on the vehicle, the vehicle could not have been underinsured.

The Plaintiff offers a number of arguments in response. First, the Plaintiff argues, an UIM claim requires the insured to establish fault on the part of the underinsured motorist and uncompensated damages as a result of that fault. In his view, policy language should not be read to deny coverage when these two elements are met. Second, the Plaintiff contends, an insured motorist should be able to recover under an UIM endorsement when tort immunity precludes securing or restricts the indemnification from a tortfeasor. The Plaintiff maintains that, when an insurance policy is susceptible to two interpretations, the insured is entitled to the interpretation most favorable to the extension of coverage. Third, the Plaintiff asserts a government vehicle exclusion from the UIM endorsement would violate public policy. Fourth, the Plaintiff argues that Defendant Sompo's two year suit limitation period is unreasonable as a matter of law and should not be enforced in this case.

In reply, Defendant Sompo emphasizes that the Plaintiff's response addressed many issues that are not at issue in this case with respect to the UIM endorsement. Defendant Sompo notes that, unlike its UM endorsement, there is no government owned vehicle exclusion in its

9

UIM endorsement. Further, Defendant Sompo observes, the Plaintiff has a legal right to recovery against the United States because it has waived immunity pursuant to the FTCA, and there is no limitation of recovery under the FTCA. Defendant Sompo reiterates that Shannon was not an underinsured motorist under the terms of the Kentucky UIM statute and the UIM endorsement because there was no insurance policy for her vehicle.

Here, Defendant Sompo's straightforward argument carries the day. Pursuant to Kentucky Statute, an "underinsured motorist" is defined as "a party *with motor vehicle liability insurance coverage* in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident." Ky. Rev. Stat. Ann. § 304.39-320 (emphasis added). Similarly, Defendant Sompo's UIM endorsement defines, in relevant part, an "underinsured motor vehicle" as:

> a land motor vehicle . . . *to which a liability bond or policy applies* at the time of an "accident", but the amount paid for bodily injury under that bond or policy to the "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

Def. Sompo UIM endorsement at 4, doc. 12-1 at 38 (emphasis added).

The Plaintiff has failed to present any evidence demonstrating that an insurance policy applied to the USDA vehicle at the time of the accident. Consequently, under the plain terms of the Kentucky statute and the UIM endorsement, Shannon was not an underinsured motorist. See Ky. Rev. Stat. Ann. § 304.39-320 (defining an underinsured motorist as "a party with motor vehicle liability insurance coverage in an amount less than a judgment recovered against that party for damages on account of injury due to a motor vehicle accident"); Def. Sompo UIM endorsement at 4 (defining an underinsured motor vehicle as a vehicle "to which a liability bond

or policy applies at the time of an accident"). Defendant Sompo is entitled to summary judgment on Count Four of the Complaint as to the issue of UIM coverage.[3]

D.  *Medical Payments Claim*

Finally, Defendant Sompo argues that all of the Plaintiff's medical expenses were paid under his employer's workers' compensation policy, and, as a result, no benefits are due under Defendant Sompo's medical payments coverage. The Plaintiff offers no response to Defendant Sompo's argument regarding the medical payments claim.

Defendant Sompo's policy provides for auto medical payments coverage under certain defined conditions. Def. Sompo Medical Payments, doc. 12-1 at 46–47. The policy states, in relevant part, that "[w]e will pay reasonable expenses incurred for necessary medical and funeral services to or for an insured who sustains bodily injury caused by accident." Id. at 1 (internal quotation marks omitted). However, the policy provides that, "[t]his insurance does not apply to any of the following: . . . Bodily injury to your employee arising out of and in the course of employment by you. However, we will cover bodily injury to your domestic employees if not entitled to workers' compensation benefits." Id. (internal quotation marks omitted).

Here, it is undisputed that the accident in question occurred in the course of the Plaintiff's employment by Olympus and that the Plaintiff received workers' compensation benefits following the accident. Under the terms of the policy, the Plaintiff is unable to recover expenses for medical services. Therefore, Defendant Sompo is entitled to summary judgment on Count Four of the Complaint as to the issue of medical payments coverage.

---

[3] Because Defendant Sompo is entitled to summary judgment with respect to the Plaintiff's UIM claim under the terms of the UIM endorsement and the Kentucky UIM statute, the Court does not reach the issue of the the two year limitation period as an alternative ground for granting Defendant Sompo's motion.

E.	*Equitable Estoppel*

At the conclusion of his response, the Plaintiff argues that equitable estoppel precludes the application of the contractual limitation period for the filing a claim under Defendant Sompo's policy. This argument is moot because the Court has not relied on the contractual limitation period in granting Defendant Sompo's motion for partial summary judgment. Moreover, the Plaintiff has failed to identify any admissible evidence that would support his equitable estoppel argument.

**IV.	Conclusion**

For the foregoing reasons, the Court GRANTS Defendant Sompo's Motion for Partial Summary Judgment (doc. 19).

IT IS SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE:  February 23, 2015